UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RASHEED AQUIL,**

    **Plaintiff,**

**v.**                                             **Case No: 8:25-cv-01601-MSS-CPT**

**SKANSKA USA BUILDING INC.,**

    **Defendant.**

_____

**ORDER**

    **THIS CAUSE** comes before the Court for consideration of Defendant's Motion to Dismiss, (Dkt. 6), and Defendant's Motion to Stay Deadline for Filing Case Management Report Pending Ruling on Motion to Dismiss. (Dkt. 7) Plaintiff has not filed a response to Defendant's Motion to Dismiss, and the deadline to do so has expired. Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS** the Motion to Dismiss and **GRANTS** the Motion to Stay.

    Plaintiff brings this action against Defendant for claims of employment discrimination and hostile work environment. (Dkt. 1-1) Plaintiff filed this action in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County. (Id.) Defendant removed this action to federal court pursuant to federal question jurisdiction. (Dkt. 1) Defendant has moved to dismiss the Complaint, arguing that (i) it is a shotgun pleading and fails to state a claim upon which relief can be granted.

- 1 -

(Dkt. 6) In addition, Defendant has moved for a stay of the Parties' deadline to submit the Case Management Report ("CMR") pending the Court's ruling on its Motion to Dismiss. (Dkt. 7) Defendant contends that a stay of the deadline to file the CMR is necessary because the pending Motion to Dismiss may be dispositive and/or impact the scope and deadlines of the CMR. (Id. at ¶ 6)

"Shotgun pleadings violate Rule 8, which requires 'a short and plain statement of the claim showing that the pleader is entitled to relief,' by fail[ing] to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1294-94 (11th Cir. 2018). The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings": (i) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (ii) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (iii) a complaint that fails to "separat[e] into a different count each cause of action or claim for relief"; and (iv) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1322-23 (11th Cir. 2015). Even though Plaintiff is proceeding *pro se* (that is, without a lawyer) she must still comply with these minimum pleading standards. See, e.g., Archer v. City of Winter Haven, No. 8:16-CV-3067-T-36AAS, 2017 WL 11319170, at

\*1 (M.D. Fla. Dec. 8, 2017) (dismissing *pro se* complaint as an impermissible shotgun pleading).

The Complaint in this action is a shotgun pleading because it falls into several of the categories described above. Plaintiff does not delineate his claims into causes of action with the elements supporting each distinct claim. Instead, the Complaint relies entirely on conclusory allegations. There are no factual details to support these conclusory allegations.

Because the Complaint is a shotgun pleading requiring it to be redrafted, the Court declines to address Defendants' other arguments for dismissal. See, e.g., Shaffer v. Bank of New York Mellon & Shellpoint LLC, No. 8:17-cv-565-T-33AAS, 2017 WL 1653789, at \*1 (M.D. Fla. May 2, 2017) ("As the Court has determined that [redrafting] is necessary, the Court declines to address Defendants' argument that all counts fail to state claims upon which relief can be granted.").

The Court will afford the Plaintiff an opportunity to file an Amended Complaint that remedies the deficiencies identified above and those raised in Defendant's Motion to Dismiss. If he chooses to do so, he must comply with Rules 8 and 10 by separating his claims into separate sections called Counts, identifying facts that support each Count, and including only factual allegations that support each of his claims in the separate Counts, and stating the claims plainly and simply. If he has not properly pleaded a Count, he cannot seek relief on that Ground in the Prayer for Relief.

Finally, the Court encourages Plaintiff to consult the "Proceeding Without a Lawyer" guidelines on the Court's website, located at https://www.flmd.uscourts.gov/litigants-without-lawyers.

Accordingly, it is hereby **ORDERED** as follows:

1. Defendant's Motion to Dismiss, (Dkt. 6), is **GRANTED**. Plaintiff's Complaint, (Dkt. 1-1), is **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiff shall have **twenty-one (21) days** from the date of this Order to file an amended complaint that complies with the Federal Rules of Civil Procedure. Failure to timely file an amended complaint will result in the closure of this action without further notice.

3. Defendant's Motion to Stay Deadline for Filing Case Management Report Pending Ruling on Motion to Dismiss, (Dkt. 7), is **GRANTED**. The Parties shall have up to and including **fourteen (14) days** from the date that the Plaintiff files his amended complaint to file a CMR.

**DONE and ORDERED** in Tampa, Florida this 14th day of August 2025.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Any Unrepresented Party